(168 P.3d 1034)
No. 96,658

THE BOARD OF COUNTY COMMISSIONERS OF SUMNER COUNTY KANSAS, TRI-COUNTY CONCERNED CITIZENS, INC., A KANSAS NOT FOR PROFIT CORPORATION, AND DALTON HOLLAND, AN INDIVIDUAL, *Appellants,* v. HONORABLE RODERICK L. BREMBY, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE KANSAS DEPT. OF HEALTH AND ENVIRONMENT, THE KANSAS DEPT. OF HEALTH AND ENVIRONMENT, AND WASTE CONNECTIONS OF KANSAS, INC., A KANSAS CORPORATION, *Appellees.*

Opinion filed October 12, 2007.

*Robert V. Eye*, of Irigonegaray & Associates, of Topeka, for the appellant Board of County Commissioners of Sumner County, and *Robert J. Vincze*, of the Law Offices of Robert J. Vincze, of Lone Tree, Colorado, for the appellants Tri-County Concerned Citizens, Inc. and Dalton Holland.

*Nancy L. Ulrich*, of Kansas Department of Health and Environment, for appellees Secretary of KDHE and KDHE.

*Robert H. Epstein*, of Gallup, Johnson & Newman, L.C., of St. Louis, Missouri, and *John Terry Moore*, of Moore Martin, L.C., of Wichita, for the appellee Waste Connections of Kansas, Inc.

Before CAPLINGER, P.J., ELLIOTT, J., and BUKATY, S.J.

CAPLINGER, J.: This appeal is from the district court's dismissal of a petition for judicial review of an agency action for lack of standing. The Board of County Commissioners of Sumner County (the Board), Tri-County Concerned Citizens, Inc. (TCCCI), and Dalton Holland, collectively "petitioners," challenged the issuance of a permit by the Kansas Department of Health and Environment (KDHE) to Waste Connections of Kansas, Inc. (Waste Connections) to construct a solid waste landfill in Harper County. Petitioners alleged the KDHE failed to collect data and determine the appropriateness of the site pursuant to Kansas law.

The district court dismissed the petition for lack of standing, finding none of the petitioners were parties to the agency proceedings under the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA).

*Factual and procedural background*

In August 2002, Waste Connections applied to the KDHE for a permit to construct and operate a municipal solid waste landfill on a site in Harper County known as Plumb Thicket. In September

2002, the Board authorized a study by Terrane Resources to evaluate the site's suitability as a landfill. The Board submitted the results of the Terrane study, which discovered regulatory deficiencies in the site, to the KDHE in May 2003.

In April 2003, the KDHE held public hearings in Harper County, Kansas, regarding the proposed permit. These proceedings were not, however, conducted pursuant to K.S.A. 77-501 *et seq.*

Thereafter, members of TCCCI and other groups submitted comments on the pending permit. KDHE formally responded to the comments. In September 2005, KDHE granted Waste Connections a permit to construct and operate the Plumb Thicket Landfill.

On October 3, 2005, the Board, TCCCI, and Holland filed a petition for review in Shawnee County seeking to stay the effectiveness of and nullify the permit granted to Waste Connections. Petitioners filed a first amended petition on November 10, 2005, generally alleging damages and procedural injuries had or would result from operation of the landfill. They further alleged that if the site of the proposed landfill failed to meet applicable legal requirements, it might affect the quality of water in the Chikaskia River, a source of water for some residents of Sumner County. Additionally, the petitioners alleged the landfill could cause damage to real property belonging to members of TCCCI, including Holland. Finally, petitioners asserted the KDHE failed to collect adequate information as required by Kansas law regarding the propriety of and potential contamination from the site. In support of these allegations, the petitioners cited to the Terrane study as well as to a second study conducted at the request of petitioners by Burns & McDonnell. Waste Connections later intervened in the action as a party respondent/defendant.

Shortly thereafter, Waste Connections filed a motion to dismiss or in the alternative for a more definite claim. The district court granted the motion to dismiss due to the petitioners' lack of standing. The court reasoned the KDHE's determination was directed at Waste Connections rather than the petitioners. Morever, the court held because no agency proceedings were conducted pur-

suant to K.S.A. 77-501 *et seq.*, the petitioners could not have been "parties" to the proceedings.

The petitioners appeal the district court's dismissal of their petition for review, arguing the district court erred in finding they lacked standing under K.S.A. 77-611.

*Standard of Review*

Standing is a jurisdictional issue. Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. Similarly, whether a party has standing to sue is a question of law subject to unlimited review. *Mid-Continent Specialists, Inc. v. Capital Homes*, 279 Kan. 178, 185, 106 P.3d 483 (2005).

*Discussion*

" 'Standing is a question of whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of jurisdiction and to justify exercise of the court's remedial powers on his behalf. . . . "Standing to sue" means that a party has sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy.' [Citations omitted.]" *312 Education Ass'n v. U.S.D. No. 312*, 273 Kan. 875, 882-83, 47 P.3d 383 (2002).

Pursuant to United States Supreme Court precedent, Kansas law permits organizations to sue on behalf of their members if certain requirements have been met. *Hunt v. Washington Apple Advertising Comm'n*, 432 U.S. 333, 343, 53 L. Ed. 2d 383, 97 S. Ct. 2434 (1977); *NEA-Coffeyville v. U.S.D. No. 445*, 268 Kan. 384, 387, 996 P.2d 821 (2000).

*A. Did the petitioners have standing to sue under the KJRA?*

Here, because petitioners filed this action as a petition for judicial review under the KJRA, K.S.A. 77-601 *et seq.*, we must first consider whether they had standing to sue under that Act.

K.S.A. 77-611 defines standing under the KJRA. That statute provides:

"The following persons have standing to obtain judicial review of final or nonfinal agency action:

"(a) A person to whom the agency action is specifically directed;

"(b) a person who was a party to the agency proceedings that led to the agency action;

"(c) if the challenged agency action is a rule and regulation, a person subject to that rule; or

"(d) a person eligible for standing under another provision of law."

Here, petitioners assert standing under K.S.A. 77-611(b) and (d).

First, petitioners claim they were parties to the agency proceedings that led to the agency action and thus have standing under K.S.A. 77-611(b). In support, petitioners primarily rely upon *Families Against Corporate Takeover* ["*FACT*"] *v. Mitchell*, 268 Kan. 803, 1 P.3d 884 (2000). There, the Kansas Supreme Court concluded FACT, a nonprofit corporation concerned about the environmental, economic, and social impacts of large-scale hog farms, had standing to seek judicial review of the KDHE's authorization of a National Pollution Discharge Elimination System (NPDES) permit for construction of a hog farm under K.S.A. 77-611(b) as a " 'person who was a party to the agency proceedings that led to the agency action.' " 268 Kan. at 804, 810.

The *FACT* court spelled out the basis for its application of subsection (b):

"At the request of FACT and others, a public meeting was held in Hodgeman County. At that meeting, members of FACT and two consultants hired by FACT submitted comments on the pending permit for Murphy's hog farm. The record does not disclose whether KDHE formally responded to FACT's comments.

"FACT participated in the agency proceedings (permit review and public comment) that led to the agency action (granting the permit). During oral argument before us, KDHE's counsel said: '[T]hose citizens did both as a group and individually have the opportunity to participate in the permitting process through the public hearing process, through the opportunity to submit comments on the permit.' We hold that FACT is entitled to assert standing as a 'person who was a party to the agency proceedings that led to the agency action' under K.S.A. 77-611(b)." 268 Kan. at 810.

Citing the court's observation that FACT had fully participated in the agency proceedings through permit review and public comment that led to the agency's action of granting the hog farming permit, petitioners here argue they similarly participated in the review process for the Plumb Thicket landfill permit. Thus, petitioners insist they have standing pursuant to K.S.A. 77-611(b) and the rationale of *FACT*.

Despite the broad language utilized by the court in *FACT*, the respondents suggest petitioners' reliance on *FACT* is misplaced. Respondents suggest the Supreme Court did not conclude FACT had standing simply because the organization was allowed to participate in the public hearings. Instead, they argue the court determined FACT technically was a party to the agency proceedings because it was explicitly permitted to challenge the issuance of the permit based on the underlying statutory and regulatory schemes. See 268 Kan. at 810-11. The respondents point out that the *FACT* court held:

> "The KDHE administrative regulations support FACT's standing as a 'party.' K.A.R. 28-16-62(g) specifically governs the *procedures* for modifying, revoking, reissuing, and terminating NPDES permits. *Any interested person* may request that a permit be modified, revoked, reissued, or terminated. K.A.R. 28-16-62(g)(1) (as FACT did here). Denials of such requests are not subject to public notice, comment, or hearings. However, the regulations state that this informal process is 'a prerequisite to seeking judicial review of agency action' in denying the request. K.A.R. 28-16-62(g)(2). This is a clear indication that citizens are allowed to both comment on proposed NPDES permits *and* seek judicial review of permit granting." 268 Kan. at 811.

Based upon this quotation, the respondents argue that *but for* the specific authorization of K.A.R. 28-16-62(g), FACT would not have been found to be a party to the agency proceedings and would not have had standing to seek judicial review based solely on its participation in the agency proceedings.

We cannot agree with the respondents' interpretation of *FACT*. The Supreme Court clearly and distinctly held, as set forth above, that FACT was entitled to assert standing as a person who was a "party to the agency proceedings that led to the agency action" under K.S.A. 77-611(b). The court did not condition this holding upon the existence of underlying regulations providing for judicial review. Rather, the court held the citizens in FACT had the opportunity to participate as a group and individually in the public hearing process preceding issuance of the permit and that this participation entitled them to standing as a "party." Moreover, upon reaching this conclusion, the court immediately proceeded to consider application of the three-part test of *NEA-Coffeyville*, further

indicating it had concluded its analysis with respect to the application of K.S.A. 77-611(b).

Nevertheless, as respondents point out, after concluding petitioners met the three-part *NEA-Coffeyville* test, the *FACT* court briefly returned to the issue of standing under K.S.A. 77-611(b). Discussing certain underlying regulations, our Supreme Court specifically noted the regulations "support" FACT's standing as a "party." The court did not indicate, however, that its holding was dependent upon this determination. In fact, it appears to this court that the Supreme Court, in conducting its subsequent analysis of the underlying regulations, actually may have been applying K.S.A. 77-611(d), rather than K.S.A. 77-611(b). In any event, it is clear our Supreme Court held that the citizens in FACT were entitled to standing as a "party" based upon their opportunity to participate as a group and individually in the public hearing process preceding issuance of the permit. Based upon this rationale, we conclude that the petitioners here are similarly entitled to standing as "parties" pursuant to K.S.A. 77-611(d).

### B. Do the Board and TCCCI Have Organizational Standing to Sue on Behalf of Their Members?

Waste Connections next contends that even if petitioners can obtain standing under K.S.A. 77-611, they cannot satisfy the three-part test of *NEA-Coffeyville*. Under that test, an association has standing to sue on behalf of its members when: (1) the members have standing to sue individually; (2) the interests the association seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested require participation of individual members. *NEA-Coffeyville*, 268 Kan. at 387.

Waste Connections contends petitioners have failed to allege any actual injury and, instead, have alleged only an imminent threat or potential injury if the landfill is improperly constructed. They suggest petitioners' allegations are highly speculative and do not indicate harm will result to any individual. Similarly, KDHE argues petitioners have failed to allege any type of specific injury or causal connection between KDHE's review of the permit application and any potential harm.

We are greatly aided in our analysis of this issue by this court's decision in *Tri-County Concerned Citizens, Inc. v. Board of Harper County Comm'rs*, 32 Kan. App. 2d 1168, 95 P.3d 1012, *rev. denied* 278 Kan. 852 (2004). There, a panel of this court considered zoning issues regarding the same sanitary landfill—Plumb Thicket—at issue in this appeal. Specifically, in *Tri-County*, Waste Connections appealed the district court's order setting aside the original special use permit arguing, *inter alia*, that TCCCI and the plaintiffs had no standing to challenge the decision. Although the panel in *Tri-County* reversed the district court and remanded with directions to reinstate the special use permit, it nevertheless concluded the plaintiffs had legal standing. 32 Kan. App. 2d at 1170. Significantly, the panel applied the three-part test of *NEA-Coffeyville*, reasoning:

"Applying these various criteria, we are convinced that [TCCCI] has standing to challenge the zoning decision. It is beyond question that [Waste Connections'] application generated significant public interest due to perceptions that the project had major implications for the County. Moreover, [TCCCI] appears to have fulfilled all the requirements for standing: (1) The individual members of the association have standing in their individual capacity since they live within 1,000 feet of the landfill; property owners this close to a landfill site are aggrieved because they potentially suffer a substantial grievance and a loss of a pecuniary interest. (2) Since the stated purpose of the corporation is to protect the environment, the prosecution of this lawsuit is wholly consistent with the association's purpose. (3) The participation of the individual members is not necessarily required." 32 Kan. App. 2d at 1174-75.

Thus, this court has previously determined TCCCI meets the three-part standing test of *NEA-Coffeyville* and we see no reason to reconsider application of that criteria herein.

Because we have concluded standing was proper pursuant to K.S.A. 77-611(b) and the three-part test of *NEA-Coffeyville*, we hold the district court erroneously concluded that petitioners lacked standing to sue.

Reversed and remanded.